**Kenneth BRANDT, Glenn McHenry, Henry Reitz, Trustees of the Smithco Fabricators, Inc. Profit Sharing Plan & Trust, Plaintiffs,**

v.

**Edward GROUNDS, and The Mount Prospect State Bank, an Illinois Banking Corporation, Defendants.**

No. 79 C 4325.

United States District Court, N. D. Illinois, E. D.

Dec. 8, 1980.

Rocco A. Romano, Leoris, Cohen & Erde, Highland Park, Ill., for plaintiffs.

Samuel V. P. Banks, Harry D. Lavery, George Zelcs, Berger, Newmark & Fenchel, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

This cause is before the Court on Mount Prospect State Bank's ("Bank") motion to dismiss Count III of plaintiff's second amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] The question presented is whether the Bank is liable for the alleged conversion of certain pension funds on deposit with the Bank by Edward Grounds ("Grounds"), a trustee and fiduciary under ERISA.[2]

Plaintiffs, co–trustees and signatories of the funds in contention, brought this action seeking recovery against both Grounds and the Bank for the missing funds. Plaintiffs contend that because the Bank rendered investment advice for a fee, it thereby assumed fiduciary status under ERISA. Having allegedly assumed fiduciary status, the Bank is said to have become generally liable for any and all misconduct by other

---

1. Jurisdiction is based on 29 U.S.C. § 1132(e)(1) (1976).

2. Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* (1976).

fiduciaries, even where there is no relationship or connection between the Bank's investment advice and the co–fiduciaries' misconduct. The Bank, in turn, contends that managerial fiduciary duty is created by virtue of rendering advice for a fee and that its liability as a fiduciary is limited to advice given.

Since the extent of a bank's liability for rendering investment advice for a fee under ERISA appears to be a question of first impression in this jurisdiction, the Court must look to the language and legislative history of ERISA for guidance.

Plaintiffs assert that the Bank is clothed with general fiduciary liability by virtue of 29 U.S.C. § 1002(21)(A), which provides:

> Except as otherwise provided in subparagraph (B), a person is a fiduciary with respect to a plan *to the extent* (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) *he renders investment advice for a fee* or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan. (Emphasis added).

Although the scope of a fiduciary's duty under other sections of ERISA has been interpreted by the courts, *see Fremont v. McGraw–Edison Co.*, 606 F.2d 752 (7th Cir. 1979); *Eaves v. Penn*, 587 F.2d 453 (10th Cir. 1978), these decisions did not include the unusual limiting language found in the provision here at issue.

■ The phrase "to the extent," underscored in the above–quoted ERISA provision, obviously suggests a limitation of the fiduciary's responsibility. While ERISA surely expands the duties of all fiduciaries and trustees and, to some extent, modifies the common law of trusts regarding pensions, *see generally* H.R.Rep.No.93–533, 93rd Cong., 2d Sess. 3, *reprinted* in [1974] U.S.Code Cong. & Ad. News, pp. 4639, 4649–51; Note, *Fiduciary Standards and the Prudent Man Rule Under the Employment Retirement Income Security Act of 1974*, 88 Harv.L.Rev. 960, 965–69 (1975), it does not create liability for a co–fiduciary in a situation where the wrongdoing is wholly beyond the control of the co–fiduciary and outside the scope of responsibility defined by the statute. Plaintiffs do not allege any breach by the Bank relative to its investment advice or any loss suffered by the trust fund as a result of the investment advice. If the language of the statute is to be given effect, there must be a causal connection between the advice rendered and the harm suffered. To hold otherwise would, in effect, make every fiduciary of a pension plan covered by ERISA an insurer of the plan, no matter how limited that fiduciary's duties.

Support for this conclusion is found in other ERISA provisions. For example, 29 U.S.C. § 1105(a)(2) creates liability for a fiduciary's "failure to comply with section 1104(a)(1) of this title *in the administration of his specific responsibilities which give rise to his status as a fiduciary*" when such failure enables another fiduciary to commit a breach. Such language clearly contemplates a relationship between the fiduciary's failure to perform his specific duties and the resulting harm. Under § 1105(a)(2), that relationship is established when the plaintiff alleges some loss as a consequence of defendant's improper conduct in performing the duties that give rise to his fiduciary status. Plaintiffs have made no such allegation here.

Another provision limiting a fiduciary's liability is 29 U.S.C. § 1105(b)(3)(A). It provides that where a pension plan's assets are held in more than one trust, the trustee is only liable for acts or omissions by other trustees of the trust for which he is trustee, subject to certain general exceptions. Quite clearly this subsection does not purport to make trustees insurers of the fund except to the extent that they control the fund.

The Internal Revenue Service also is of the view that a person rendering investment advice has only limited liability. In C.F.R. § 54.4975–9(c)(2), the following rule appears:

"A person who is a fiduciary with respect to a plan by reason of rendering investment advice for a fee ... shall not be deemed to be a fiduciary regarding any assets of the plan with respect to which such person does not have any discretionary authority, discretionary control, or discretionary responsibility ... does not render investment advice for a fee, and does not have any authority or responsibility to render such investment advice...."

A fair reading of the above regulation suggests that a fiduciary is liable for consequences flowing from his investment advice, but not from problems unrelated to that advice. This regulation appears to create broad fiduciary liability only when investment advice is rendered on a regular basis, thereby vesting the advisor with an unusual amount of control over the fund. *See generally*, Weiler, *Fiduciary Provisions of the Employee Retirement Income Security Act of 1974*, 36 La.L.Rev. 897, 908 (1976).

The preceding discussion demonstrates that since no connection was alleged between the Bank's advice and the harm caused by Grounds' conversion, the Bank is not liable for any breach of duty under ERISA. Accordingly, the Bank's motion to dismiss Count III is granted. It is so ordered.